UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHAWN J. CRUZE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>DOUG WADDINGTON,<br><br>　　　　　Respondent. | Case No.  C05-5744FDB<br>　　　　　　C06-5064FDB<br><br>REPORT AND<br>RECOMMENDATION<br><br>Noted for **April 14, 2006** |

　　Petitioner is a state prisoner currently incarcerated at the Stafford Creek Corrections Center pursuant to convictions for possession of methamphetamine and unlawful possession of a firearm on February 19, 1997, ( first strike offenses) and convictions for second degree assault on June 26, 1997, (second strike offenses) all arising out of Clark County.  Mr. Cruze's first strike came previously as an accomplice to second degree assault, which is not at issue in either of the two cases noted in the caption above.  Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 challenging his 1997 Clark County convictions.  After a careful review of the record, the undersigned submits the following report and recommends that the Court deny the petition for writ of habeas corpus as untimely.

DISCUSSION

　　A one-year period of limitation applies to federal petitions for writ of habeas corpus.  The relevant statute states:

>　(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of --

REPORT AND RECOMMENDATION
Page - 1

>    (A) the date on which the judgment became final by conclusion of direct review or the expiration of the time for seeking such review;
>
>    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;  or
>
>    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The statute went into effect on April 24, 1996; thus, a petitioner with a conviction before this date was required to file a federal petition for writ of habeas corpus on or before April 23, 1997, unless one of the above tolling provisions apply.  *See* Calderon v. U.S. District Court for Central District of California, 128 F.3d 1283, 1286-87 (9th Cir. 1997)(No petition filed on or before April 23, 1997 may be dismissed for failure to comply with the time limit).  The one year period of limitation is subject to equitable tolling, thus, the period may be equitably tolled by the court "if 'extraordinary circumstances' beyond a prisoner's control make it impossible to file a petition on time." Id. at 1288, *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1997).  The Ninth Circuit commented, "We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted." Id. at 1289.

Here,  petitioner was convicted and sentenced by the state trial court on his most recent criminal charges for second degree assault on or about July 2, 1997.  Mr. Cruze immediately appealed this conviction and the direct appeal process ended on September 6, 2000, when the State Supreme Court issued its decision denying review.

The federal one-year period of limitation started to run 90-days after this date.  Thus, the clock began to run on or about December 5, 2000.  The one year period expired one year later on or about December 6, 2001.  Mr. Cruze did not file his writ of habeas corpus challenging either of the two

REPORT AND RECOMMENDATION
Page - 2

convictions until late in 2005. Petitioner has not presented any facts or mitigating circumstances to warrant any equitable tolling of the statute.

## CONCLUSION

Petitioner did not timely filed the instant petitions for writ of habeas corpus. Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 14, 2006**, as noted in the caption.

DATED this 24th day of March, 2006.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
United States Magistrate Judge

REPORT AND RECOMMENDATION
Page - 3